UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
JOSE PAREJA, individually and on behalf of others
Similarly situated,

              Plaintiff,              18-CV-05887

       -against-                 **ANSWER**

184 FOOD CORP., (D/B/A BRAVO SUPERMARKET
F/K/A PIONEER SUPERMARKET), 231 FOOD CORP.
(D/B/A BRAVO SUPERMARKET F/K/A PIONEER
SUPERMARKET), DG 231 FOOD CORP. (D/B/A BRAVO
SUPERMARKET F/K/A PIONEER SUPERMARKET),
0113 FOOD CORP., (D/B/A BRAVO SUPERMARKET),
640 PELHAM FOOD CORP., (D/B/A C-TOWN F/K/A
GREEN APPLE), G&G PELHAM FOOD CORP. (D/BA
C-TOWN F/K/A GREEN APPLE), RAFAEL MONTES
DEOCA, RAFAEL MONTES DEOCA, JR., GIOVANNI
MARTE, JOSE MARTE, GUSTAVO MARTE and
GREGORY GONZALEZ,
              Defendants.
———————————————————————X

    Defendants, 0113 FOOD CORP., GIOVANNI MARTE, JOSE MARTE, GUSTAVO MARTE (collectively referred to as "Defendants"), by their attorneys, LAW OFFICE OF CESAR A. FERNANDEZ, P.C., as and for an Answer to the plaintiff's Second Amended Complaint, respectfully allege:

    1.    Deny each and every allegation related to Defendants in Paragraphs 2, 6, 8, 9, 10, 11, 18, 27, 28, 29, 30, 32, 33, 34, 35, 37, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 53, 56, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 82, 84, 85, 86, 87, 88, 89, 91, 92, 93, 95, 96, 97, 98, 100, 101, 102, 104, 105, 106, 107, 108, 109, 110, and 111, of the Second Amended Complaint, and leaves all matters of law to the honorable court.

    2.    Denies knowledge and information sufficient to form a belief as to those allegations related to Defendants in Paragraphs 1, 3, 4, 5, 7, 12, 13, 14, 15, 16, 17, 18, 19, 20,

21, 22, 24, 25, 26, 31, 36, 38, 41, 47, 51, 52, 54, 55, 57, 58, 81, 83, 90, 94, 99, 103, and 112 set of the Second Amended Complaint, and leaves all matters of law to the honorable court.

3. Denies each and every allegation and relief requested in the "WHEREFORE" paragraph of the Complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

4. That by entering into the at-will employment in which the plaintiff was engaged at the time of the occurrence set forth in the Second Amended Complaint, said plaintiff knew the legal requirements thereof and had full knowledge of the duties therein; that whatever injuries and damages were sustained by the plaintiff herein as alleged in the complaint arose from and were caused by reason of his failure to meet such legal requirements, which he intentionally failed to undertake, though prompted to do so numerous times by Defendants.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

5. Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, and not by the culpable conduct or negligence of the answering defendants. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff's culpable conduct which caused the damages.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

6. Plaintiff fails to state a cause of action upon which relief may be granted.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

7. Pursuant to N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, Defendants made complete and timely payment of all wages due to Plaintiff.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

8.  Pursuant to N.Y. Lab. Law § 190 *et seq.,* and supporting regulations of the New York State Department of Labor, Defendants reasonably believed in good-faith that they were not required to provide Plaintiff with any alleged notice noted in the Second Amended Complaint.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

9.  Pursuant to 29 U.S.C § 207(g) Plaintiff has been fully compensated by Defendants for any alleged work performed.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

10. Pursuant to N.Y. Lab. Law § 663 *et seq.,* and supporting regulations of the New York State Department of Labor, Defendants reasonably believed in good-faith that any such alleged underpayments noted in the Second Amended Complaint were in compliance with said regulations and not willful.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

11. Plaintiff was provided with numerous opportunities to correct his behavior during his employment and failed to do so to his own peril and now seeks compensation by filing a frivolous claim against defendants.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

12. Lack of personal jurisdiction over Defendants due to improper service of process.

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

13. Plaintiff lack standing to sue under any of the alleged provisions inasmuch as he was at all times an independent contractor.

## AS AND FOR A FIRST CROSS CLAIM AGAINST CO-DEFENDANTS

14. If Plaintiff is successful in this Action, Defendants are entitled to indemnification and judgment by and over co-defendants 184 FOOD CORP. (D/B/A BRAVO SUPERMARKET F/K/A PIONEER SUPERMARKET), its shareholders, officers, and agents, for any and all damage awards granted on account of the allegations noted in the Second Amended Complaint inasmuch as Defendants detrimentally relied upon theirs promises and representations prior to closing on or about August 2018 of the business located at 184 West 231st Street, Bronx, New York.

## AS AND FOR A SECOND CROSS CLAIM AGAINST CO-DEFENDANTS

15. If Plaintiff is successful in this action, then 184 Food Corp., will be unjustly enriched since it received substantial consideration for the sale of the business located at 184 West 231st Street, Bronx, New York. Accordingly, answering Defendants are entitled to indemnification and judgment against 184 Food Corp., for all damages awarded on account of any and all sums due under this action.

WHEREFORE, answering defendants, respectfully demand judgment against Plaintiff 1) dismissing the complaint herein; 2) awarding Defendants all attorney fees incurred in the instant matter; and 3) awarding Defendants the costs and disbursements of this action.

Dated: New York, New York
April 29, 2019

Yours, etc.,

LAW OFFICE OF CESAR A. FERNANDEZ, P.C.

By: _____
Cesar A. Fernandez, Esq.
Attorneys for Defendants

0113 FOOD CORP., GIOVANNI MARTE,
JOSE MARTE, and GUSTAVO MARTE
2298 First Avenue, Second Floor
New York, New York 10035
(212) 348.3334

TO:  Michael Failace & Associates, P.C.
60 East 42nd Street Suite 4510
New York, New York 10165
Tel. 212.317.1200
Fax 212.317.1620