UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE PAREJA, *individually and on behalf of others similarly situated*,<br>                                    Plaintiff,<br><br>                    -v-<br><br>184 FOOD CORP. d/b/a BRAVO SUPERMARKET f/k/a PIONEER SUPERMARKET, et al.,<br>                                    Defendants. | 18-CV-5887 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

On January 2, 2019, Plaintiff Jose Pareja filed the operative complaint in this action brought against twelve individual and corporate defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York labor laws. (Dkt. No. 97.) After no defendant entered an appearance or answered the operative complaint within the allotted time, Pareja secured a Clerk's Certificate of Default against each defendant (Dkt. Nos. 177–88) and moved for default judgment against all twelve defendants (Dkt. No. 190).

While Pareja's motion was pending, Defendants 0113 Food Corp., Giovanni Marte, Jose Marte, and Gustavo Marte (the "Answering Defendants") answered the operative complaint and asserted two cross-claims against their codefendants. (Dkt. No. 195.) On May 29, 2019, this Court issued an Order directing the Answering Defendants to show cause why this Court should vacate the Clerk's Certificates of Default that had been entered against them. (Dkt. No. 196.) The Answering Defendants responded by filing a motion on June 11, 2019, seeking to set aside the Clerk's Certificates of Default. (Dkt. No. 197.) Pareja has not opposed the motion.

Under Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In deciding whether such a course is appropriate, "the

court's determination must be guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166–67 (2d Cir. 2004)).  In light of the "[s]trong public policy" in favor of "resolving disputes on the merits," *American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 61 (2d Cir. 1996), "all doubts must be resolved in favor of the party seeking relief from the [default]," *Green*, 420 F.3d at 104.

Considering these factors, the Answering Defendants have demonstrated good cause for vacating the Certificates of Default that have been entered against them.  First, it is undisputed that the Answering Defendants "were served by substituted service and were not made aware of the pleadings being served until their time to serve an answer elapsed" (Dkt. No. 197 at 5), such that their default was not willful.  Second, the Answering Defendants have denied the bulk of the complaint's allegations and interposed ten affirmative defenses. (Dkt. No. 197-4 ¶¶ 1–13.)  And third, Pareja has identified no prejudice that he would suffer if the requested relief were granted.

The Court therefore GRANTS the Answering Defendants' motion to set aside the Clerk's Certificates of Default that have been entered against them.  Because the claims against the Answering Defendants will now proceed, Pareja's pending motion for default judgment is DENIED as to all defendants, without prejudice to renewal following disposition of the claims against the Answering Defendants.  *See Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 156 (E.D.N.Y. 2019) (adopting report and recommendation) (taking this approach).

The Clerk of Court is directed to close the motions at Docket Numbers 190 and 197.

2

Pareja is directed to serve a copy of this Order by mail on all defendants that have not yet entered an appearance in this case.

SO ORDERED.

Dated: July 3, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge